IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| KATHLENE WOODRUFF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-4244-CV-C-WJE |
| | ) |
| JEFFERSON CITY AREA YOUNG MEN'S CHRISTIAN ASSOCIATION, ET. AL., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Pending before the Court is defendants Craig Lammers and Michelle Poire's motion to dismiss plaintiff Kathlene Woodruff's Complaint (Doc. 12), and suggestions in support thereof (Doc. 13). Plaintiff has filed suggestions in opposition to the motion (Doc. 18), to which Defendant has filed a reply (Doc. 21). The motion to dismiss is now ripe for consideration. For the reasons that follow, Defendant's motion to dismiss for failure to state a claim will be granted in part and denied in part as set forth below.

## I. BACKGROUND[1]

Plaintiff Kathlene Woodruff brought this action against Defendants Jefferson City Area Young Men's Christian Association (YMCA); YMCA finance director Kathleen Frese, in her individual and official capacities; YMCA chief executive officer Craig Lammers, in his individual and official capacities; and YMCA supervisor Michelle Poire, in her individual and official capacities, alleging retaliation against Plaintiff for exercising her rights under the Family and Medical Leave Act of 1993 (FMLA) and disability discrimination in violation of the Missouri Human Rights Act (MHRA). The following facts are alleged in Plaintiff's amended complaint.

---

[1] The following factual background is set forth in the light most favorable to Plaintiff. See Carton v. General Motors Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010).

Plaintiff was an employee of the YMCA from April 2008 until her termination in July 2016. (Doc. 1-1 at ¶ 7). She alleges that due to an illness, surgery, and a recovery period, she was absent from work, on approved medical leave, from November 2015 thru January 2016. (Doc. 1-1 at ¶¶ 10-12). Plaintiff claims that once she returned to work in February 2016, she was retaliated against for taking medical leave. (Doc. 1-1 at ¶¶ 14-22). Plaintiff states that she unfairly was issued written warnings for failing to properly staff a desk, given a verbal warning for wearing a hat, disciplined for not responding to email in a timely manner, given poor performance ratings, prohibited from terminating poor performing subordinates, and terminated from employment at the YMCA in July 2016. (Doc. 1-1 at ¶¶ 17-22).

Plaintiff filed this lawsuit on October 31, 2017. She alleges in Count I that the retaliation to which she was subjected for exercising her rights under FMLA entitles her to damages, reinstatement, and other relief. (Doc. 1-1 at ¶¶ 31-33). She alleges in Count II that the disability discrimination that she endured in violation of the MHRA entitles her to an award of various damages, pay, and other relief. (Doc. 1-1 at ¶¶ 34-36).

Defendants Craig Lammers and Michelle Poire filed this motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). Defendants Lammers and Poire argue that claims against them in their official capacity are the same as bringing suit directly against the YMCA itself and should be dismissed as redundant. Defendants Lammers and Poire also assert Count II should be dismissed against them because the MHRA no longer permits individual liability.

In opposition to the motion to dismiss, Plaintiff does not address the issue of whether her proffered claims against Defendants Lammers and Poire in their official capacities are the same as Plaintiff's claims brought directly against Defendant YMCA. Plaintiff does argue, however, that Count II should not be dismissed. She claims that the MHRA does impose individual liability and that the August 2017 amendment to MHRA is not retroactive. Plaintiff further argues that even if the 2017 amendment did have such retroactive language, Article I, Section 13 of the Missouri Constitution prohibits *ex post facto* laws.

In reply, Defendants Lammers and Poire again argue that claims against them in their official capacities should be dismissed because those claims are the same as Plaintiff's claims brought directly against Defendant YMCA. Further, Defendant Lammers and Poire state that the

MHRA amendment abrogating individual liability is a remedial amendment that does not violate the constitutional prohibition against *ex post facto* laws.

## II. LEGAL STANDARD FOR MOTION TO DISMISS

Pursuant to Federal Rule of Civil Procedure 8(a)(2), a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2) (2010). The purpose of the short and plain statement is to provide defendants with "fair notice of what … the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The rule requires more than an "unadorned" complaint, but requires less than "detailed factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, at 570). Courts ruling on a motion to dismiss a complaint for failure to state a claim, must "construe the complaint in the light most favorable to the nonmoving party." Carton v. General Motor Acceptance Corp., 611 F.3d 451, 454 (8th Cir. 2010). Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678. A court's evaluation of a plaintiff's complaint is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Additionally, in ruling on a 12(b)(6) motion to dismiss, the court is not limited to the four corners of the complaint. Outdoor Cent., Inc. v. GreatLodge.com, Inc., 643 F.3d 1115, 1120 (8th Cir. 2011). "The court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010) (citing Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999)).

## III. DISCUSSION

Plaintiff brings two claims -- retaliation in violation of FMLA and disability discrimination in violation of MHRA -- against Defendant YMCA as well as against Defendants Craig Lammers, Michelle Poire, and Kathleen Frese in their official and individual capacities. Defendants Lammers and Poire here move to dismiss claims brought against them in their official capacities as redundant with the claims brought against Defendant YMCA. Further Defendants Lammers and Poire move to dismiss claims against them under the amended MHRA.

### A. Claims against Lammers and Poire in their Official Capacities are Redundant

Defendants Lammers and Poire here move to dismiss claims brought against them in their official capacities as redundant with the claims brought against Defendant YMCA. Defendants Lammers and Poire argue that claims brought against an individual in their official capacity are the same as bringing suit directly against the entity itself. For that proposition, Defendants Lammers and Poire rely on Artis v. Francis Howell North Band Booster Ass'n, 161 F.3d 1178, 1182 (8th Cir. 1998). Plaintiff does not dispute in her opposition brief that the claims proffered against Defendants Lammer and Poire in their official capacities are the same as Plaintiff's claims against Defendants Lammers and Poire in their individual capacities. (Doc. 18). Similarly, in oral argument held on January 26, 2018, before the undersigned, Plaintiff conceded this issue on the record. Therefore, the Court finds, based on Plaintiff's concession, that the claims against Defendants Lammers and Poire are redundant and must be dismissed.

### B. The MHRA is not Retroactive

Plaintiff charges Defendants with disability discrimination in violation of the MHRA. Defendants Lammers and Poire contend that the MHRA no longer applies to them in their individual capacities because of a change in the law. On August 28, 2017, the MHRA was amended through Senate Bill 43 to exclude individuals from the definition of employer. *R.S.Mo. § 213.010(8)* (definition of "employer" shall not include an individual employed by an employer). Here, the Court finds that the amendment to the MHRA is substantive and, therefore, does not apply retroactively.

The Missouri Constitution provides that "no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." *MO Const. Art. 1, § 13*. "Article I, Section 13 bars retrospective application of a statute except where: (1) legislative intent is clearly manifested that the statute is to be applied retrospectively; and (2) the statute is procedural only and does not affect any substantive or vested right." Mo. Real Estate Comm'n v. Rayford, 307 S.W.3d 686, 698 (Mo. App. 2010) (emphasis removed) (quoting State Bd. of Registration for Healing Arts v. Boston, 72 S.W.3d 260, 263 (Mo. App. 2002)). A statute may be applied retroactively if the legislature clearly expresses its intent that it be given retroactive application. Dalba v. YMCA of Greater St. Louis, 69 S.W.3d 137, 140 (Mo. App. 2002). Here, the

legislature did not provide any clear or express language that the amendment should apply retroactively. *R.S.Mo. § 213.010(8)*.

"It is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued." Klotz v. St. Anthony's Med. Ctr., 311 S.W.3d. 752, 760 (Mo. banc 2010). An exception to the general rule barring retroactive application of new law is made for "procedural" or "remedial" statutes. Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758 (Mo. banc 2007). The distinction between substantive and procedural rights is that "substantive law relates to the rights and duties giving rise to the cause of action, while procedural law is the machinery used for carrying on the suit." Id at 769. Here, the Court finds that the law in this case is substantive because it would remove the Plaintiff's cause of action against Defendants Lammers and Poire with regard to individual liability. Similarly in City of Harrisonville v. McCall Serv. Stations, the Missouri Supreme Court found that "[t]he section 510.265 cap on punitive damages does not apply to this case because retroactively limiting the City's damages after the City's cause of action accrued violates article I, section 13 ban on the enactment of retrospective laws." 495 S.W.3d 738, 763 (Mo. banc 2016).

Applying this law *ex post facto*, this Court would relieve Defendants Lammers and Poire in their individual capacity as an "employer" from their duty to not discriminate against employees. This change in law is substantive because it eliminates duties that Defendants Lammers and Poire faced, and the rights that Plaintiff enjoyed, that gave rise to Plaintiff's cause of action. The Court finds that since the change in the MHRA involves a substantive right it cannot apply retroactively. Plaintiff's claim against Defendants Lammers and Poire in their individual capacities survives.

### IV. CONCLUSION

For the reasons set forth above, the Court finds Defendants Lammers and Poire's motion to dismiss should be granted with respect to dismissal of all claims against them in their official capacities. Also, Defendants Lammers and Poire's motion to dismiss Count II shall be denied.

Accordingly,

IT IS, THEREFORE, ORDERED that Defendants Lammers and Poire's motion to dismiss official capacity claims and Count II is GRANTED IN PART AND DENIED IN PART as set forth herein.

IT IS SO ORDERED.

Dated this 27th day of January, 2018, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge